UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CYNDI CATHERWOOD, | ) | |
| | ) | |
| Plaintiff / Counter-Defendant, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-167 |
| | ) | Lee |
| NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant / Counter-Plaintiff. | ) | |

## **MEMORANDUM AND ORDER**

**I.     Introduction**

Before the Court is the motion of defendant and counter-plaintiff, Nationwide Property & Casualty Insurance Company ("Nationwide"), for a partial summary judgment pursuant to Fed. R. Civ. P. 56 [Doc. No. 24]. Plaintiff and counter-defendant, Cyndi Catherwood ("Catherwood"), has filed a response in opposition to Nationwide's motion for partial summary judgment [Doc. No. 27]. Nationwide has filed a reply to Catherwood's response [Doc. No. 28].

Nationwide's motion for partial summary judgment is now ripe for review. For the reasons which follow, Nationwide's motion for partial summary judgment on Catherwood's claim for a bad faith penalty under Tenn. Code Ann. § 56-7-105 [Doc. No. 24] will be **GRANTED** and that claim will be **DISMISSED WITH PREJUDICE**.

**II.    Procedural and Factual Background**

    **A.     Procedural History**

Catherwood commenced this action against Nationwide on July 7, 2006, in the Circuit Court of Hamilton County, Tennessee, seeking damages as the result of an insurance coverage dispute

regarding a fire which destroyed Catherwood's residence on September 14, 2005 [Doc. No. 1-2]. In her complaint, Catherwood alleges Nationwide issued a policy of insurance, policy no. 2611142 (the "policy"), which insured her residence against loss or injury by fire [Doc. No. 1-2 at 1, ¶ 2]. Catherwood alleges the policy was in effect on September 14, 2005 [*id.*]. Catherwood alleges her residence was wholly destroyed by fire on September 14, 2005, and that Nationwide had notice of such fire/destruction [*id.* at ¶ 3]. Catherwood also alleges she has performed all conditions precedent to her right of recovery under the policy, but Nationwide refused to make payment under the policy to her [*id.* at ¶ 4]. Catherwood further alleges Nationwide's failure to pay is without justification and in bad faith and, therefore, she is entitled to recover an additional amount equal to 25% of the face amount of the policy pursuant to Tenn. Code Ann. § 56-7-105 [*id.* at 1-2, ¶ 4]. In addition to the bad faith penalty, Catherwood seeks damages, interest and costs [*id.*].

Nationwide timely removed the action to this Court pursuant to 28 U.S.C. § 1441 and filed an answer and counterclaim [Doc. Nos. 1 & 2]. Nationwide asserts the fire was of incendiary origin and was caused by Catherwood for the express purpose of fraudulently obtaining funds from Nationwide [*id.* at 4]. Nationwide asserts that in furtherance of her plan to defraud it, Catherwood filed a sworn statement in proof of loss ("sworn statement") and made a demand upon Nationwide for payment and that when Nationwide refused payment, Catherwood filed suit in furtherance of her plan [*id.*]. Nationwide asserts that as the result of Catherwood's plan to defraud, it has had to incur expenses in investigating and defending against Catherwood's claim and Nationwide seeks a penalty of 25% of the face amount of the policy as reimbursement for the costs it incurred in investigating and defending against Catherwood's claim under Tenn. Code Ann. § 56-7-106 [*id.*]. Nationwide asserts a counterclaim against Catherwood for payments made to her and her mortgage holder [*id.*].

**B. Facts**

Attached to Nationwide's motion is a statement of undisputed facts which states:

> 1. Plaintiff, Cyndi Catherwood, submitted an application for insurance with Nationwide on August 11, 2005. . . .
>
> 2. The defendant, Nationwide, issued a homeowners' policy to Cyndi Catherwood on August 15, 2005 with an effective date of August 11, 2005.
>
> 3. On September 14, 2005, 34 days after the Nationwide policy was in effect, Ms. Catherwood's residence was destroyed by fire.
>
> 4. On October 31, 2005, Cyndi Catherwood submitted a proof of loss to defendant, Nationwide. . . .
>
> 5. On April 26, 2006, Nationwide denied Ms. Catherwood's claim . . . based on the fact that plaintiff concealed or misrepresented material facts in obtaining the policy of insurance.
>
> 6. That at no time prior to the commencement of the present action did the plaintiff, her public adjuster and/or attorney make the requisite demand pursuant to Tenn Code Ann. 56-7-105 so as to permit her to seek the bad faith penalty.

[Doc. No. 24-3 at 2-3].

Also attached to Nationwide's motion is the affidavit of Phil Vaughn ("Vaughn"), an employee of Nationwide, who is the primary claims representative handling Catherwood's claim since the fire occurred [Doc. No. 24-4 at 1, ¶¶ 1-3]. Vaughn's affidavit states:

> 4. After the fire occurred, the plaintiff submitted a claim under her homeowner's policy for the value of her home and the personal property located within, which prompted Nationwide to begin an investigation into both the cause of the fire and the value of the property destroyed.
>
> 5. In the months after the fire, I sent several letters to the plaintiff requesting information and asking that she complete an inventory sheet and proof of loss form.

6. In December 2005, Professional Claims Solutions informed Nationwide that they had been employed by the plaintiff to handle her claim. Nationwide and its representative were in contact with Professional Claims Solutions regarding various items needed for Nationwide to complete its investigation.

7 After completing their investigation, Nationwide concluded that this was a case which should be denied.

8. Nationwide sent the plaintiff a letter on April 26, 2006 in which the plaintiff's claim was denied on various grounds including arson caused by the insured and misrepresentation.

9. At no time more than 60 days prior to the commencement of the action on July 7, 2006 did the plaintiff, her attorney or Professional Claims Solutions make a demand on Nationwide or its representative that if the claim was not paid, the plaintiff would file suit and seek bad faith damages pursuant to TCA 56-7-105.

[*Id.* at 1-2]. Also attached to Nationwide's motion is a copy of the sworn statement [Doc. No. 24-7].

In opposition to Nationwide's motion, Catherwood's relies upon her sworn statement and an April 26, 2006 letter from Nationwide denying her claim, which states:

> We have continued to investigate your fire loss of September 15, 2005 and have reviewed your claim concerning this matter. Our investigation indicates the following:
>
> 1. The fire was of incendiary origin.
>
> 2. The fire was intentionally caused by you or at your direction.
>
> 3. You have made material misrepresentations concerning the personal property that was allegedly destroyed in the fire.
>
> 4. It is our opinion that you intentionally concealed and misrepresented material facts and circumstances concerning this loss and as such, your sworn statement in proof of loss is rejected because of the fraudulent misrepresentations contained therein.
>
> 5. All circumstances surrounding this loss would indicate the

4

> following policy provisions have been violated:
>
> . . .
>
> Should you have information you feel has a bearing on this claim, please feel free to advise. By itemizing the above reasons for denial of your claim, we do not intend to, nor do we waive any other defenses to which Nationwide Insurance Company may be entitled or may later become entitled.
>
> We will make prompt payment to the lien holder for the damages to the structure upon proper presentation of a proof of loss. We will look to you for reimbursement of these expenses as well as any other expenses incurred as a result of this fire and the investigation of same.

[Doc. No. 27-4 at 1].

### III.    Analysis

Nationwide seeks a partial summary judgment dismissing Catherwood's bad faith claim because Catherwood failed to comply with the formal demand requirement of Tenn. Code Ann. § 56-7-105 prior to the commencement of this action. In her response in opposition to Nationwide's motion, Catherwood asserts it is "obvious" she:

> did make a claim. She filed a sworn statement in proof of loss on or about October 3, 2005 (**Exhibit 2**) and followed it up by supplementing her claim on at least two occasions. Ms. Catherwood did this in writing . . . .

[Doc. No. 27 at 2] (emphasis in original). Catherwood also asserts given the nature of Nationwide's denial letter, it is "ingenious" for Nationwide "to argue that because they denied the claim prior to Ms. Catherwood making what they consider a formal demand, that they should be rewarded by not being subject to the bad faith penalty." [*Id.* at 1-2]. In its reply, Nationwide asserts Catherwood is confusing the 60 day demand period found in Tenn. Code Ann. § 56-7-105 with the 60 day settlement of loss period found within Catherwood's policy. [Doc. No. 28].

### A. Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Id.* A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

### B. Bad Faith Claim Under Tenn. Code Ann. § 56-7-105

Tenn. Code Ann. § 56-7-105 states in pertinent part:

> (a) The insurance companies . . . in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay

> inflicted additional expense, loss, or injury including attorney fees upon the holder of the policy or fidelity bond; and provided further, that such additional liability, within the limit prescribed, shall, in the discretion of the court or jury trying the case, be measured by the additional expense, loss, and injury including attorney fees thus entailed.

"Tenn. Code Ann. § 56-7-105(a) is penal in nature and must be strictly construed." *Stooksbury v. Am. Nat'l Property and Cas. Co.*, 126 S.W.3d 505, 519 (Tenn. Ct. App. 2003) (citing *Minton v. Tennessee Farmers Mut. Ins. Co.*, 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992)). To recover the penalty for bad faith under the statute, a plaintiff must prove:

> (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith.

*Id.* (citing *Minton*, 832 S.W.2d at 38).

An insured is required to make a formal demand for payment to the insurance company before the insured can recover for bad faith under Tenn. Code Ann. § 56-7-105. *Musser v. Tennessee Farmers Mut. Ins. Co.*, No. 131, 1989 WL 135328, * 2 (Tenn. Ct. App. Nov. 9, 1989) (citing *Walker v. Tennessee Farmers Mut. Ins. Co.*, 568 S.W.2d 103, 106 (Tenn. Ct. App. 1977)). The formal demand for payment serves the purpose of "provid[ing] the insurer with notice of the bad faith claim and . . . giv[es] it a period of time to dwell upon the consequences of non-payment." *Id.* "[I]t is the insured's burden to show that a formal demand has been made." *Id.*

In *Gurien v. Allstate Ins. Co.*, No. 01A01-9610-CH-00459, 95-20-I, 1997 WL 431185 (Tenn. Ct. App. Aug. 1, 1997), the court stated:

> there is no evidence in the record indicating that [p]laintiff made a formal demand for payment after the [d]efendant denied [p]laintiff's

7

>claim in writing in a letter. . . . Although [p]laintiff initially completed all of the forms required by the [d]efendant and cooperated fully in answering the questions regarding the [loss], this does not meed the statutory requirement that a formal demand for payment must be made.

*Id.*, 1997 WL 431185 at * 3. *See also Walker*, 568 S.W.2d at 106 (same).

While the statute requires a formal demand, it does not require a written demand. *Hampton v. Allstate Ins. Co.*, 48 F. Supp. 2d 739, 746 (M.D. Tenn. 1999). The purposes of a formal demand under § 56-7-105 and the law of Tennessee are:

>(1) the insurance company has an opportunity to investigate the insured's claim of loss; (2) the insurance company is aware or has notice from the insured of the insured's intent to assert a bad faith claim, if the disputed claim is not paid, and (3) 60 days has expired after the insured gives such notice before filing suit.

*Id.* at 747.

Catherwood has submitted no evidence she made a formal demand on Nationwide which gave notice to Nationwide of her intent to assert a bad faith claim under Tenn. Code Ann. § 56-7-105. Although Catherwood asserts she did make a claim by filing her sworn statement on October 3, 2005 [Doc. No. 27 at 2], she filed the sworn statement pursuant to the terms of her policy with Nationwide and the sworn statement does not provide notice of her intent to assert a bad faith claim under Tenn. Code Ann. § 56-7-105.[1]

---

[1] The policy issued to Catherwood, policy number 63 41 HO 261 142 states in pertinent part:

>3. **Your Duties after Loss.** In case of loss, **you** must:
>d) submit to **us**, within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of **your** knowledge and belief:
>(1) the time and cause of loss.
>(2) Interest of the **insured** and all others in the property involved and all liens on the property.

8

As argued by Nationwide, the 60 day period for submitting a sworn proof of loss is not the same as the 60 day period for a formal demand under Tenn. Code Ann. § 56-7-105. With respect to the 60 day period for submitting a sworn proof of loss, under Tennessee law the statute of limitations period for actions based on contract, *i.e.,* an insurance policy, will begin to run when the cause of action accrues. *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002). Tennessee court "have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues." *Id.* Because the loss settlement period effectively creates a period of immunity for the insurers during which an insured cannot bring suit against the insurer, "the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss." *Id. See also Hill v. Home Ins. Co.*,

---

       (3)    other insurance that may cover the loss.
       (4)    changes in title or occupancy of the property during the term of the policy.
       (5)    specifications of any damaged property and detailed estimates for repair or damage.
       (6)    a list of damaged personal property showing in detail the quantity, description, actual cash **value**, and amount of loss.
. . .
5.    **Loss Payment. We** will pay all losses as outlined . . . subject to the following:
c)    **We** will pay **you** unless some other person is named in this policy to receive payment. Payment will be made within 60 days after **we** receive **your** proof of loss and:
       (1)    reach agreement with **you**; or
       (2)    there is an entry of a final judgment; or
       (3)    there is a filing of an appraisal award with us.
[Doc. No. 2-3 at 21-22] (emphasis in original).

125 S.W.2d 189, 192 (Tenn. Ct. App. 1938) (an insurance policy providing for notice and proof of loss to be furnished to insurer within 60 days afforded insurer immunity from suit and also postponed the accrual of the cause of action for such 60 day period).

With respect to the 60 day period for a formal demand under Tenn. Code Ann. § 56-7-105, in *Thompson v. Interstate Life & Acc. Co.*, 162 S.W. 39, 39 (Tenn. 1913), the plaintiff filed suit on an accident and sick benefits policy 30 days after demand for payment was made and refused. *Id.* On appeal, the insurer argued the bad faith penalty was barred because the suit had been brought within less than 60 days from the time of demand of payment and refusal by the insurer. *Id.* The court held the insurer was not entitled to sixty days after the demand for payment was made because the purpose of the 60 day period was to permit the insurer 60 days after a demand had been made "to investigate the nature of the loss and determine its liability under the contract." *Id.* The court held that if the investigation was completed and the insurer was determined to refuse payment, no purpose was served by requiring the policyholder to wait sixty days before filing suit. *Id.*

In *Hurley v. Tennessee Farmers Mut. Ins. Co.*, 922 S.W.2d 887 (Tenn. Ct App. 1995), the trial court entered a judgment notwithstanding the verdict on the jury's award of a bad faith penalty under Tenn. Code Ann. § 56-7-105. *Id.* at 894. The appellate court upheld the trial court's action stating there was no proof in the record the plaintiff ever made a formal demand for payment and, therefore, the judgment notwithstanding the verdict was proper because of the lack of proof the plaintiff had complied with § 56-7-105. *Id.*

In *Topmost Chemical and Paper Corp. v. Nationwide Ins. Co.*, No. 01-2588V, 2002 WL 1477880 (W.D. Tenn. Apr. 23, 2002), the plaintiff brought a declaratory judgment action against the defendant seeking damages for breach of the insurance contract and a bad faith penalty under

§ 56-7-105. *Id.* at * 1. In ruling on the merits of plaintiff's bad faith claim, the court held it was not necessary for the demand to be written as a verbal formal demand was sufficient. *Id.* at * 8 (citing *Hampton*, 48 F. Supp. 2d at 746). Although it found no requirement the demand be in writing, the court held "it must be specific enough so that 'the insurance company is aware or has notice from the insured of the insured's intent to assert a bad faith claim, if the disputed claim is not paid.'" *Id.* (quoting *Hampton*, 48 F. Supp. 2d at 746-47). The court granted the defendant's motion for summary judgment on the bad faith claim finding the letter plaintiff sent to defendant was not effective as a formal demand under § 56-7-105 because, due to the absence of any language in the letter concerning a bad faith claim, it did not put the defendant on notice that if it did not pay the claim, the plaintiff would bring suit and seek a bad faith penalty. *Id.* at * 9.

The cases relied on by Catherwood, *Palmer v. Nationwide Mut. Fire Ins. Co.*, 723 S.W.2d 124, 125 (Tenn. Ct. App. 1986) and *Hampton*, 48 F. Supp. 2d at 740, do not support a denial of Nationwide's motion. In *Palmer*, following a trial in which the jury found for the plaintiffs and assessed a 20% bad faith penalty, defendant appealed asserting, *inter alia*, the imposition of the bad faith penalty was improper. *Id.* at 125-26. The appellate court agreed holding the plaintiffs had not satisfied their burden of proving bad faith by the insurer because if an insurer asserts a defense made in good faith, Tenn. Code Ann. § 56-7-105 does not permit the imposition of a bad faith penalty. *Id.* (citing *Nelms v. Tennessee Farmers Mut. Ins. Co.*, 613 S.W.2d 481, 484 (Tenn. Ct. App. 1978)). In *Palmer,* the court was not addressing the issue of a timely formal demand.

In *Hampton*, the court did address the issue of a timely formal demand in denying Allstate's motion for partial summary judgment on the plaintiff's bad faith claim under Tenn. Code Ann. § 56-7-105. The plaintiffs' home was destroyed by fire on January 28, 1999, and they submitted claim

11

forms to Allstate but, in a letter dated February 17, 1998, Allstate refused to pay on the grounds the plaintiffs intentionally set the fire and made material misrepresentations as to the amount and extent of their destroyed personal property. *Id.* at 741. After receipt of the letter, one of the plaintiffs, Ms. Hampton, had several telephone conversations with different Allstate representatives and indicated that if the insurance claim was not paid she would make a claim for "bad faith" damages. *Id.* Allstate did not challenge the plaintiffs' claims concerning the telephone conversations, but sought a partial summary judgment on the bad faith claim on the ground the plaintiff did not made a formal demand for payment. *Id.* The court found that in light of Allstate's denial letter and after accepting the plaintiffs' assertions they communicated their intent to sue for "bad faith" if Allstate did not pay their claim, Allstate was on notice of its exposure to a bad faith claim and the requirements of Tenn. Code Ann. § 56-7-105 were satisfied. *Id.* at 746.

In her response to Nationwide's motion for partial summary judgment, Catherwood has cited no Tennessee cases which hold that merely filing a sworn statement, or other paperwork, with an insurer as part of the process of filing a claim for a loss pursuant to an insurance policy satisfies the requirement of a formal demand under Tenn. Code Ann. § 56-7-105. The Court's research on this issue also has not disclosed any case to that effect in Tennessee.

Catherwood has submitted no evidence whatsoever that she communicated an intent to sue for bad faith if her claim was not paid. Nationwide is not challenging a failure to wait sixty days to file suit after a demand for and refusal of payment. Instead, Nationwide asserts Catherwood never made a demand for payment sufficient to give it notice that she would seek a bad faith penalty under Tenn. Code Ann. § 56-7-105. Catherwood's sworn statement does not contain any language concerning the bad faith penalty and Catherwood has produced no evidence she communicated her

12

intent to seek a bad faith penalty under Tenn. Code Ann. § 56-7-105 either verbally or in writing. Thus, based upon the evidence presented, Nationwide's motion for partial summary judgment on Catherwood's claim for the bad faith penalty under Tenn. Code Ann. § 56-7-105 will be **GRANTED**.

**IV. Conclusion**

For the reasons stated above, Nationwide's motion for partial summary judgment on Catherwood's claim for the bad faith penalty of Tenn. Code Ann. § 56-7-105 [Doc. No. 24] is **GRANTED** and Catherwood's claim against Nationwide for the bad faith penalty of Tenn. Code Ann. § 56-7-105 is hereby **DISMISSED WITH PREJUDICE**.

SO ORDERED.

ENTER

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE